IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN ROBINSON, JR., ) | | |
| ID # 1532823, ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 3:09-CV-0220-B-BH | |
| ) | | |
| T. PRICE STONE, et al., ) | Referred to U.S. Magistrate Judge | |
| Defendants. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On February 3, 2009, the Court received this action against T. Price Stone ("Stone"), Plaintiff's attorney in state criminal proceedings against him; Lupe Valdez ("Valdez"), Sheriff of Dallas County; and Judge Michael Snipes ("Snipes"). (Compl. at 1, 3.) He claims that defendants refused to dismiss his indictment even though it was changed twice – once at trial– but still stated that he had knowingly received stolen property. (*Id.* at 4.) He further claims that hearsay was admitted at his trial, and that the trial court fired his original attorney and appointed Stone. (*Id.*) According to Plaintiff, Stone did not care that he did not appropriately represent Plaintiff, and he worked with the District Attorney. (*Id.* at 3.) Plaintiffs claims that Valdez held him against his will for a misdemeanor offense, and he seeks monetary damages for being illegally incarcerated. (*Id.*) In a page attached to his complaint, he states that he seeks compensatory relief, punitive damages,

and unspecified injunctive relief.[1]  (*Id.* at attached page.)

The Court issued a Magistrate Judge's Questionnaire ("MJQ") to clarify the factual bases for Plaintiff's claims, and he filed two sets of answers.[2]  Those answers state that an October 2008 conviction for theft led to his alleged illegal incarceration.  (*See* First and Second Answers to Question 1 of MJQ.)  Although Plaintiff has challenged that conviction through the state habeas process, he has obtained no relief.  (*See* First and Second Answers to Questions 2 and 3 of MJQ.)  He also elaborates on the factual basis for his claims against each defendant.  (*See* First and Second Answers to Questions 4, 5, and 6 of MJQ.)  In addition, he makes new allegations that Valdez (1) transferred him between cells while the health department investigated alleged health violations; (2) refused him medical treatment to remove an ingrown toenail; (3) charged him for medication that he did not receive; and (4) fed him food after others were hospitalized).  (*See* First and Second Answers to Question 6 of MJQ).  Although the complaint mentions unspecified injunctive relief, Plaintiff's answers seeks $1,500 per day as compensation for his illegal incarceration and unspecified monetary damages for the mental anguish that has accompanied it.  (*See* First and Second Answers to Question 7 of MJQ; Compl. at 4.)  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner

---

[1] In the attached page, Plaintiff also appears to label his claims: "Negligence, Gross Negligence, Legal Malpractice, Mental Anguish, Aggravated Purjury [sic], Retaliation, Malicious Prosecution, Denial of sixth amendment, Constitutional Rights were violated, Insufficient Evidence admitted during trial." (Compl. at attached page.) These labels neither comply with Fed. R. Civ. P. 8(a)'s requirement that plaintiffs provide the grounds of their entitlement to relief nor state a claim upon which relief may be granted. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

2

seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Id.* at 1965. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

In his original complaint, Plaintiff seeks relief under 42 U.S.C. § 1983 for alleged unlawful incarceration caused by ineffective assistance of counsel, an alleged conspiracy between defendants Stone and Snipes, and Valdez's holding of Plaintiff for an alleged misdemeanor offense. Section

3

1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Because Plaintiff's original claims relate to an alleged unlawful conviction, consideration under *Heck v. Humphrey*, 512 U.S. 477 (1994) is appropriate. In *Heck,* the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Under *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). "The courts have extended the holding in *Heck* to claims seeking declaratory and injunctive relief as well as damages." *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir.

1998)).

Plaintiff's original illegal incarceration claims in this case clearly relate to the validity of his state theft conviction. Because an essential element of a § 1983 claim of false imprisonment is that the imprisonment be illegal or without legal authority, *see Harper v. Merckle*, 638 F.2d 848, 860 (5th Cir. 1981), granting relief on such claim would necessarily imply the invalidity of that conviction, *see Perry v. Holmes*, 152 Fed. App'x 404, 405 (5th Cir. 2005) (per curiam); *accord Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (holding that *Heck* does not apply to anticipated convictions but stating in dictum that a false imprisonment claim which impugns a conviction would be barred by *Heck*). Success on Plaintiff's conspiracy and ineffective-assistance claims would likewise necessarily imply the invalidity of his conviction. *See Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *8 (N.D. Tex. Sept. 30, 2005) (recommendation of Mag. J.), *accepted by* unpub. order (N.D. Tex. Nov. 9, 2005). Accordingly, under *Heck*, Plaintiff must demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing an action under § 1983. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff has failed to make such a showing. (*See* First and Second Answers to Questions 2 and 3 of MJQ.) Consequently, Plaintiff's claims of illegal incarceration raised under § 1983 are "legally frivolous". *See Hamilton*, 74 F.3d at 103. The Court should dismiss the claims "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

### IV. JOINDER OF CLAIMS

Plaintiff alleges new conditions-of-confinement claims against Defendant Valdez in his answers to the MJQ that do not relate to the illegal incarceration claim in his original complaint.

5

(*Compare* Compl. at 3 (showing that Plaintiff sues Valdez for holding him against his will for a misdemeanor) *with* First and Second Answers to Question 6 of MJQ (showing factual allegations related to conditions of confinement).)

When a litigant asserts diverse claims against multiple defendants, the courts may *sua sponte* consider whether the parties and claims are properly joined in one action. *See* Fed. R. Civ. P. 21; *Richardson v. Proctor & Gamble*, No. 3:07-CV-2038-K, 2008 WL 483337, at *2 (N.D. Tex. Feb. 18, 2008) (accepting recommendation of Mag. J.) Although a party may generally join any claims it has against an opposing party under Fed. R. Civ. P. 18(a), it must satisfy Fed. R. Civ. P. 20(a)(2) if other opposing parties are also named. Rule 20(a)(2) permits joinder of multiple defendants in a single lawsuit only when (1) the plaintiff asserts a right to relief against each defendant relating to or "arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) a "question of law or fact common to all defendants will arise in the action." In other words, "Rule 20 requires that all of the [plaintiff's] claims arise out of the same transaction or occurrence and that there is a common issue of fact or law." *Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995). Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner-litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, although the original illegal incarceration claim asserted against Valdez differs somewhat from the illegal incarceration claims asserted against Defendants Snipes and Stone, the claims are sufficiently connected so as to comply with Rules 18(a) and 20(a)(2). The new conditions-of-confinement claims asserted against Valdez in the MJQ, however, are completely

6

unrelated to the original claims. There is no shared common question of law or fact between the new claims and the claimed illegal incarceration as required by Rules 18 and 20.

Courts have broad discretion to sever parties or claims that are "misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). *See* Fed. R. Civ. P. 21. Pro se complaints that fail to comply with the joinder requirements of Fed. R. Civ. P. 18(a) and 20(a)(2) are subject to summary dismissal. *See Clinton v. Dir. of Corr.*, No. 06-5255-DOC-OP, 2008 WL 1818047, at *5-6 (C.D. Cal. Apr. 18, 2008). Dismissal should be with leave to amend unless it is clear that the deficiencies cannot be cured by amendment, however. *Id.* at *11; *accord Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). Additionally, courts may screen part of a complaint while striking or dismissing the remaining claims as improperly joined. *Thomas v. Perez*, No. 1:07-CV-1185-AWI, 2009 WL 256467, at *2 (E.D. Cal. Feb. 4, 2009).

Because the properly-joined illegal incarceration claims in Plaintiff's original complaint do not survive preliminary screening, the Court should exercise its discretion to screen those claims. The Court should also dismiss the misjoined, unrelated claims against Defendant Valdez without prejudice to refiling them in a new civil action. As a prisoner who is subject to the Prison Litigation Reform Act, Plaintiff will be responsible for the entire filing fee ($350.00) in the new action whether or not he is granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1.)

## V. RECOMMENDATION

The District Court should summarily **DISMISS** Plaintiff's original claims of illegal incarceration with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). It should **DISMISS** Plaintiff's improperly joined claims against Lupe Valdez without prejudice to Plaintiff refiling them in a new civil action. The dismissal of

7

Plaintiff's original claims will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 5th day of March, 2009.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.